# EXHIBIT A

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**
1501 Broadway, 12th Floor
New York, New York 10036
Tel: (646) 571-2033
Email: rcorbi@corbilaw.com
Richard J. Corbi

*Proposed Counsel to the Official Committee*
*Of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>P8H, INC. d/b/a PADDLE 8,<br><br>       Debtor. | Case No.: 20-10809 (SMB)<br><br>Chapter 11 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ESTATE OF P8H, INC. D/B/A PADDLE 8,<br><br>       Plaintiff,<br><br>       v.<br><br>VALENTINE UHOVSKY,<br><br>       Defendant. | Adv. Pro. No. 20-_____ (SMB) |

## COMPLAINT

The Official Committee of Unsecured Creditors (the "Committee" or the "Plaintiff") of

the estate of P8H, Inc. d/b/a Paddle 8 (the "Debtor"), by and through its proposed undersigned

counsel, The Law Offices of Richard J. Corbi PLLC, by way of a Complaint against Valentine

Uhovsky (the "Defendant"), hereby alleges as follows:

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334(b).  Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

2.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## PARTIES

3.      The Plaintiff is the appointed Committee of the Debtor's bankruptcy estate.  The Debtor, a global leader in the online art auction community, specializes in conducting online auctions of fine art.  Additionally, the Debtor conducts benefit auctions in which the funds are used to pay various charities.

4.      Defendant is an individual who, upon information and belief, resides in Brooklyn, New York.  Upon information and belief, Defendant was the Chief Executive Officer ("CEO") of Debtor from November 2019 until his resignation on February 12, 2020.

## PROCEDURAL BACKGROUND

5.      On March 16, 2020 (the "Petition Date"), the Debtor's bankruptcy case was commenced with an voluntary petition under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

6.      On April 15, 2020, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code in this Bankruptcy Case.  [Doc. No. 23].

7.      The Debtor's 341(a) meeting of creditors (the "341 Meeting") was held on April 23, 2020.

8.      On April 30, 2020, the Court "so ordered" the record granting the Committee standing to commence this action.  On May 1, 2020, entered that certain *Order Authorizing the*

*Committee to Commence Certain Claims and Causes of Action on Behalf of the Debtor's Estate*
[Doc. No. 37].

9.      On April 30, 2020, the Court directed the appointment of a Chapter 11 trustee in
this Bankruptcy Case.  [Doc. No. 36]

## DEFENDANT'S FIDUCIARY DUTIES

11.      By reason of Defendant's position as Debtor's CEO, Defendant owed Debtor, upon
its insolvency, fiduciary duties of due care, loyalty, and candor.  At all times relevant, Defendant
was required to use his utmost ability to manage Debtor in a fair, just, honest, and equitable
manner, to exercise due care and diligence in the administration of the affairs of Debtor and in the
use and preservation of its property and assets, and to act in furtherance of the best interests of
Debtor and its stakeholders, including its creditors, and not in furtherance of his own personal
interest or benefit.

12.      By virtue of his fiduciary duties, Debtor was required to, among other things:

(a)      conduct the affairs of Debtor in an efficient, businesslike manner, so as to
make it possible to provide the highest quality performance of its business, to avoid
wasting its assets, and to maximize its value;

(b)      ensure that Debtor was operated in a diligent, honest, and prudent manner;

(c)      refrain from advancing his own interests at the expense of Debtor and its
stakeholders, including its creditors; and

(d)      be candid with the Debtor and its stakeholders, including its creditors, with
respect to all matters involving or affecting Debtor.

14.      The conduct of the Defendant complained of herein involves a knowing and
culpable violation of his obligations as a fiduciary of Debtor and its stakeholders, including its

3

creditors, the absence of good faith, and a reckless disregard for his duties. The Defendant was aware, or should have been aware, that those violations, absences of good faith, and reckless disregard of duties posed a risk of serious harm to Debtor and its stakeholders, including its creditors.

## SUBSTANTIVE ALLEGATIONS

15.    Upon information and belief, based on the allegations set forth in the First Day Declaration of Peter Rich, a director of Debtor until his resignation on April 30, 2020, and the testimony provided at the 341 Meeting, the Debtor is an on-line auction house that specializes in selling fine art priced between $1,000 and $100,000.

16.    Pursuant to the Debtor's business model, artists and not-for-profit organizations desiring to sell their artwork consign the artwork to Defendant, who then conducts an on-line auction using its own platform. The Debtor is required to pay the seller of the artwork the proceeds derived from the on-lone auction of the artwork.

17.    During his tenure as the Debtor's CEO, the Defendant engaged in acts of gross mismanagement and disloyalty. For example, upon information and belief, Defendant misappropriated certain funds from the auctions, including charity auctions, by using those earmarked proceeds to pay the operating expenses of the Debtor. Indeed, as a direct result of such misappropriation, one non-profit entity that consigned artwork to the Debtor in connection with an on-line auction, recently sued, among others, the Defendant and the Debtor for misappropriating the proceeds from the auction. Other entities have threatened the Debtor with lawsuits for similarly failing to pay over proceeds from on-line auctions.

18.    In January 2020, the Debtor's board of directors instructed the Defendant to scale back business operations, cut expenses and conduct reductions in force. The board of directors

instructed the Defendant to present budgets in accordance with these parameters and to attend a planning meeting in Florida. The Defendant never attended the meeting and subsequently resigned shortly thereafter. It was soon discovered that a result of the Defendant's actions of failing to properly apportion sale proceeds, the Debtor's unsecured creditors suffered damages in the amount of roughly $1 million.

## CLAIMS FOR RELIEF

## COUNT ONE

### (Breach of Fiduciary Duty of Care and Corporate Waste)

13.    The Committee repeats and realleges each and every allegation contained above as if set forth at length herein.

14.    The Defendant, as the CEO of the Debtor, owed the Debtor and its creditors fiduciary duties, including the duties of loyalty, care, and candor.

15.    Pursuant to his fiduciary duty of care, the Defendant was, at all times, required to exercise due care and diligence in the administration of the affairs of the Debtor and in the use and preservation of its property and assets. The Defendant, however, was grossly negligent in his administration of the affairs of the Debtor and in the use and preservation of its property and assets.

16.    Defendant breached his fiduciary duty of care by, *inter alia*:

 (a) Recklessly failing to pay over to the sellers of artwork used in Debtor's on-line auctions the proceeds from those on-line sales; and

 (b) Follow the directions of the board of directors.

17.    The Committee has no adequate remedy at law.

5

18.    As a direct result of Defendant's breaches of fiduciary duty of care, the Debtor's estate has suffered damages in an amount to be determined at trial, but believed to be in excess of $1,000,000, plus interest at the highest rate allowable by law.

## COUNT TWO

### (Breach of Fiduciary Duty of Loyalty)

19.    The Committee repeats and realleges each and every allegation contained above as if set forth at length herein.

20.    Defendant, as the CEO of the Debtor, owed Debtor and its creditors fiduciary duties, including the duties of loyalty, care, and candor.

21.    Pursuant to his fiduciary duty of loyalty, Defendant was, at all times relevant, required to act in furtherance of the best interests of Debtor and not in furtherance of his own personal interest or benefit.

22.    Defendant breached his fiduciary duty of loyalty by, *inter alia*:

(a)    Recklessly failing to pay over to the sellers of artwork used in the Debtor's on-line auctions the proceeds from those on-line sales; and

(b)    Follow the directions of the board of directors

23.    The Committee has no adequate remedy at law.

24.    As a direct result of Defendant's breaches of fiduciary duty of loyalty, the Debtor's estate has suffered damages in an amount to be determined at trial, but believed to be in excess of $1,000,000, plus interest at the highest rate allowable by law.

WHEREFORE, the Committee demands judgment in its favor and against the Defendant, as follows:

(a)    The Committee seeks an amount not to be less than $1,000,000.000, the exact amount to be determined at trial, for Defendant's breach of fiduciary duties;

6

(b)      interest and costs of suit; and

(c)      granting such other relief that this Court deems just, proper, and equitable.

Dated:  May 1, 2020                    **THE LAW OFFICES OF RICHARD J. CORBI PLLC**
New York, New York

_/s/ Richard J. Corbi_
Richard J. Corbi, Esq.
1501 Broadway, 12th Floor
New York, New York 10036
Telephone: (646) 571-2033
Email: rcorbi@corbilaw.com

*Proposed Counsel to the*
*Official Committee of Unsecured Creditors*