**Hearing Date and Time: November 19, 2020 at 10:00 a.m. (Eastern Standard Time)**
**Objection Date and Time: November 12, 2020 at 4:00 p.m. (Eastern Standard Time)**

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**
1501 Broadway, 12th Floor
New York, New York 10036
Tel: (646) 571-2033
Email: rcorbi@corbilaw.com
Richard J. Corbi

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 20-10809 (SMB) |
| P8H, INC. d/b/a PADDLE 8, | Chapter 11 |
| Debtor. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ESTATE OF P8H, INC. D/B/A PADDLE 8, | Adv. Pro. No. 20-01081 (SMB) |
| Plaintiff, | |
| v. | |
| VALENTINE UHOVSKI, ISABELA DEPCZYK, NORMAN HANSON, CHRISTOPHER HSU, PETER RICH, SERGEY SKATERSCHIKOV. | |
| Defendants. | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that The Law Offices of Richard J. Corbi PLLC having

appeared in the above-captioned case (the "Chapter 11 Case") as counsel for the Official

Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned Chapter 11 Case on April 15, 2020 [Docket No. 23], will move this Court, before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York on the **19th day of November, 2020 at 10:00 a.m. (Eastern Standard Time)** (the "Hearing"), or as soon thereafter as counsel may be heard to consider the attached *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing Substituted Service on Certain Defendants by Email Pursuant to Fed. R. Civ. P. 4(f)(3) and Fed. R. Bankr. P. 7004* (the "Motion"), together with such other and further relief as is just and proper under the circumstances.

    **PLEASE TAKE FURTHER NOTICE**, that due to restrictions on courthouse entry this Hearing will be conducted telephonically.  Should you wish to appear telephonically, please immediately contact Court Solutions LLC at 917-746-7476 or www.court-solutions.com for scheduling.

    **PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested by the Committee in the Motion must be made in writing, filed with the Court on the Court's Electronic Case Filing System, at www.ecf.nysb.uscourts.gov (login and password required), with copies emailed directly to Chambers and served upon The Law Offices of Richard J. Corbi PLLC, 1501 Broadway, 12th Floor, New York, NY 10036, counsel for the Official Committee of Unsecured Creditors, Attn: Richard J. Corbi, Esq., Email: rcorbi@corbilaw.com by **November 12, 2020 at 4:00 p.m. (Eastern Standard Time)**.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated:  November 5, 2020          **THE LAW OFFICES OF RICHARD J. CORBI PLLC**
       New York, New York

                                   */s/ Richard J. Corbi*
                                   Richard J. Corbi, Esq.
                                   1501 Broadway, 12th Floor
                                   New York, New York 10036
                                   Telephone: (646) 571-2033
                                   Email: rcorbi@corbilaw.com

                                   *Counsel for the Official Committee of Unsecured Creditors*

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**
1501 Broadway, 12th Floor
New York, New York 10036
Tel: (646) 571-2033
Email: rcorbi@corbilaw.com
Richard J. Corbi

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No.: 20-10809 (SMB) |
| P8H, INC. d/b/a PADDLE 8, | Chapter 11 |
| Debtor. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ESTATE OF P8H, INC. D/B/A PADDLE 8, | Adv. Pro. No. 20-01081 (SMB) |
| Plaintiff, | |
| v. | |
| VALENTINE UHOVSKI, ISABELA DEPCZYK, NORMAN HANSON, CHRISTOPHER HSU, PETER RICH, SERGEY SKATERSCHIKOV. | |
| Defendants. | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING SUBSTITUTED
SERVICE ON CERTAIN DEFENDANTS BY EMAIL PURSUANT TO FED. R. CIV. P.
4(f)(3) AND FED. R. BANKR. P. 7004**

The Official Committee of Unsecured Creditors (the "Committee" or the "Plaintiff") appointed in the Chapter 11 bankruptcy case of P8H, Inc. d/b/a Paddle 8 ("P8H" or the "Company") by and through its undersigned counsel, The Law Offices of Richard J. Corbi PLLC, on behalf of and as representative of the estate of P8H, Inc. d/b/a Paddle 8 (the "Debtor") in the above-captioned Chapter 11 bankruptcy case (the "Chapter 11 Case"), hereby moves this Court (the "Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), authorizing substituted service on Isabela Depcyzk, Norman Hanson, and Christopher Hsu (the "Subject Defendants") pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to the above-captioned adversary proceedings by Rule 7004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H) and (O).

2.      The predicates for the relief requested in this Motion are 11 U.S.C. § 105(a) and Civil Rule 4, made applicable herein by Bankruptcy Rule 7004.

## BACKGROUND

3.      On March 16, 2020 (the "Petition Date"), the Debtor's bankruptcy case was commenced with an voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4.     The Debtor's 341(a) meeting of creditors (the "341 Meeting") was held on April 23, 2020.  At the 341 Meeting, Defendant Peter Rich stated that he would not pursue any director and officer claims.

5.     On April 30, 2020, the Court directed the appointment of a Chapter 11 trustee (the "Trustee") in this Bankruptcy Case.  [Doc. No. 36]

6.     The Committee is the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case on April 15, 2020 pursuant to section 1102(a) of Title 11 of the United States Code (the "Bankruptcy Code") by the Office of the United States Trustee for the Southern District of New York.  [Doc. No. 23].  The Committee is vested with, among other things, the powers described in section 1103 of the Bankruptcy Code, including the power to investigate the acts, conduct, assets liabilities, and financial condition of the Debtors, and any other matter relevant to the case. Section 1109(b) of the Bankruptcy Code provides that a committee "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

7.     On April 30, 2020, the Court "so ordered" the record granting the Committee standing to commence the above-captioned adversary proceeding.  On May 1, 2020, the Court entered that certain *Order Authorizing the Committee to Commence Certain Claims and Causes of Action on Behalf of the Debtor's Estate* [Doc. No. 37].  The Committee filed an adversary complaint against Defendant Valentine Uhovski on May 1, 2020 [Adv. Pro. No. 1] in order to preserve the right of the estate to roughly $1 million of insurance policy proceeds pursuant to the Debtor's insurance policy, which was set to expire at 10:00 p.m. (Eastern Standard Time) on May 1, 2020.  The Committee commenced an derivative action on behalf of the estate the Debtor (the "Estate") alleging, among other things, breach of fiduciary duty claims.  On May 28, 2020, the Court entered

3

that certain *Stipulation and Order Authorizing the Official Committee of Unsecured Creditors to Prosecute Certain Claims and Causes of Action on Behalf of the Debtor's Estate* [Adv. Pro. No. 4].

8.      On August 28, 2020, the Committee filed an amended complaint (the "Amended Complaint") to add the following additional defendants: Isabela Depcyzk, Norman Hanson, Christopher Hsu, Peter Rich and Sergey Skaterschikov.

9.      The Committee, in conjunction with counsel for the Trustee, reviewed the Debtor's books and records, and researched public records, CM/ECF, New York State court records, Lexis/Nexis, Google, and LinkedIn for the physical addresses of Isabela Depcyzk, Norman Hanson, Christopher Hsu, Peter Rich and Sergey Skaterschikov in order to effectuate service of process of the Amended Complaint and the associated summons.  The Committee obtained possible email addresses for the additional defendants named in the Amended Complaint from the Trustee who had obtained them from what could be located in the Debtor's records.  However, the Committee, with the assistance of counsel for the Trustee, was unable to locate the physical addresses of the Subject Defendants at which personal or mail service could be made.

10.      Defendant Valentine Uhovski's counsel accepted service of the Amended Complaint.  On September 16, 23 & 24, 2020, the Committee sent the Amended Complaint and summons to all of the above-captioned defendants.  On October 1, 2020, the Committee sent, through UPS by signed receipt, a copy of the Amended Complaint and summons to Peter Rich, Isabela Depcyzk and Sergey Skaterschikov, at mailing addresses that had be located through the research of the Committee's and Trustee's counsel.

11.      Service on Isabela Depcyzk was unsuccessful because the envelope sent to Isabela Depcyzk was subsequently returned to UPS as undeliverable.  Accordingly, service of the

Amended Complaint on the remaining Subject Defendants, Norman Hanson and Christopher Hsu has not yet been completed.

12.    The Trustee has advised the Committee's counsel that, according to the company's last remaining employee – Mr. Ramesh Ganeshan, its controller since the company's formation in 2017 – that Mr. Hanson was based in Europe and that Mr. Hsu was based in China and California. Neither was regularly present in the company's headquarter in New York.  The company's books and records do not contain mailing addresses for either of them, and the email addresses shown in the company records were not working email addresses.  Similarly, other addresses developed for Ms. Depcyzk to the Committee through its and the Trustee's research proved not to be of no current effect.

13.    Mr. Ganeshan advised the Trustee that, in the normal course of the Debtor's business, communications with the company's the directors were typically made via email.

### RELIEF REQUESTED

14.    By this Motion, the Committee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, authorizing substituted service of process of the Amended Complaint by email on the Subject Defendants pursuant to Civil Rule 4(f)(3) and Bankruptcy Rule 7004.  The Committee submits that service by email may be authorized under the Civil Rules, is appropriate under the facts and circumstances, and is reasonably calculated to provide actual notice to the Subject Defendants of the pendency of the adversary proceeding and to afford the Subject Defendants a reasonable opportunity to respond to the Amended Complaint.

## BASIS FOR RELIEF

15.     Bankruptcy Rule 7004(a)(1) provides that, subject to certain exceptions, Civil Rule 4 applies to service of the summons and complaint in adversary proceedings.  *See* FED. R. BANKR. P. 7004(a)(1).

16.     Civil Rule 4(h)(2) governs service of the summons and complaint on a corporation, partnership, or association "at a place not within any judicial district of the United States" and authorizes services "in any manner prescribed by [Civil] Rule 4(f)" except for personal delivery to an individual.  FED. R. CIV. P. 4(h)(2).

17.     Civil Rule 4(f) provides, in relevant part, that

> [u]nless federal law provides otherwise, an individual … may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; … or (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f)(1), (3).

18.     Further, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code.  *See* 11 U.S.C. § 105(a).  Specifically, the court:

> may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

6

A.      Reasonable Efforts to Serve the Subject Defendants Have Been Made and the
        Court's Intervention is Required to Prevent Any Further Delay and More Potentially
        Futile Attempts at Service

19.     The Committee has made reasonable efforts to attempt service on the Subject

Defendants in accordance with Civil Rule 4 and Bankruptcy Rule 7004.  The Committee has

worked with the Trustee's counsel to locate physical addresses for the Subject Defenses in the

Debtor's books and records and has searched all online databases to locate same.

20.     As the United States District Court for the District of Delaware has recognized, "it

is not necessary that a plaintiff first attempt every permissible type of service prior to seeking relief

from the court under rule 4(f)(3)."  *In re Heckmann Corp. Sec. Litig.*, No. 10-378-LPS-MPT, 2011

U.S. Dist. LEXIS 134402, at *11 (D. Del. Nov. 22, 2011).

21.     Rather, courts have recognized that service may be authorized under Civil Rule

4(f)(3) without requiring the plaintiff to exhaust service efforts under Civil Rule 4(f)(1) and/or

4(f)(2).  *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("examining the

language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left

with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort'

nor 'extraordinary relief.'"); *Rosenthal v. Christiana Bank & Trust Co.*, No. 12–623–LPS,  2012

WL 4442793, at *1 (D. Del. Sept. 24, 2012) (authorizing substituted service by email where

"Plaintiff made a good faith effort to serve" the defendant); *see also In re Irish Bank Resolution

Corp. Ltd. (in Special Liquidation)*, 559 B.R. 627, 639 (Bankr. D. Del. 2016) (in the context of a

main case dispute regarding service of a 2004 order by email, this Court observed, "email notice

has been recognized by courts as an effective means of providing notice in appropriate

circumstances.") (citing cases authorizing service of process by email).

22.     Given that the Committee has attempted but has not been able to effectuate service on the Subject Defendants, this Court's intervention pursuant to Civil Rule 4(f)(3) and Bankruptcy Rule 7004 is needed to prevent any further delay, and to obviate potentially futile attempts at service with the associated fees and costs to the estate.  As the Committee and the Trustee have informed the Court at prior hearings, the parties have been working towards a mediation protocol to be presented to this Court for approval in order to seek a mediated resolution of this adversary proceeding and others commenced by the Trustee, which could lead to an early resolution of not only this adversary proceeding, but the overall Chapter 11 Case.  Accordingly, the parties need Court intervention to serve the Subject Defendants by alternative means in order to proceed to mediation.  *See Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at *4 (S.D.N.Y. Mar. 13, 2007) (authorizing service by email after plaintiff was unsuccessful in serving "defendants using traditional means"); *cf. FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd.*, No. 17-cv-10226, 2017 U.S. Dist. LEXIS 151679, at *5 (E.D. Mich. Sept. 19, 2017) (finding delay of service in China under the Hague Convention of up to one (1) year warranted court intervention and alternate service); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (court permitted service by email).

23.     Prior to authorizing substituted service under Civil Rule 4(f)(3), a "court may require the plaintiff to show that reasonable efforts to serve the defendant have been made and proven unsuccessful, and the court's intervention is necessary to prevent more futile attempts at service." *Heckmann*, 2011 U.S. Dist. LEXIS 134402, at *11.  Here, for the reasons discussed, the Committee submits reasonable efforts have been undertaken to timely serve the Subject Defendants in accordance with Civil Rule 4(f)(1) and Bankruptcy Rule 7004.  Accordingly, at this juncture, service of the Amended Complaint on the Subject Defendants by email is appropriate.

B.      Civil Rule 4(f) Authorizes Service by Email on the Subject Defendants

24.     The United States District Court for the District of Delaware, and numerous other federal courts, have permitted substituted service by email. *See, e.g.*, *Rosenthal*, 2012 WL 4442793, at *1; *Heckmann*, 2011 U.S. Dist. LEXIS 134402, at *11. As District Judge Stark explained:

> Service of process via email has been authorized by federal courts, pursuant to Fed. R. Civ. P. 4(f), when the circumstances indicate that traditional methods are inadequate and that service via email would comport with Due Process. . . .
>
> Plaintiffs' brief shows that Plaintiffs made a good faith effort to serve the [] Defendants at two different locations. . . . Plaintiffs' brief also shows that the [] Defendants may be reached via email. . . . Serving the []Defendants via email will provide Defendants the opportunity to object and respond to the litigation, providing them Due Process.

*Rosenthal*, 2012 WL 4442793, at *1.

25.     Numerous courts have authorized substituted service by email under Civil Rule 4(f)(3) where the Hague Convention applies and where the defendant is located in a country that has objected to alternative forms of service permitted under Article 10 to the Hague Convention (such as service by U.S. mail), but where such countries have not specifically objected to service by email. *See, e.g., Heckmann*, 2011 U.S. Dist. LEXIS 134402, at *18 (permitting substituted service by email upon defendant located in China, a signatory to the Hague Convention, pursuant to Rule 4(f)(3)); *see also, e.g., Jackson Lab. v. Nanjing Univ.*, No. 1:17-cv-00363-GZS, 2018 U.S. Dist. LEXIS 13630, at *9 (D. Me. Jan. 29, 2018) (same); *FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd.*, No. 17-cv-10226, 2017 U.S. Dist. LEXIS 151679, at *3 (E.D. Mich. Sept. 19, 2017) (same); *Sulzer Mixpac AG*, 312 F.R.D. at 332 (same); *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 262 (S.D. Ohio 2013) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 U.S. Dist. LEXIS 31299, at *4-5 (N.D. Cal. Apr. 17, 2007) (same).

9

20-01081-dsj    Doc 26    Filed 11/05/20    Entered 11/05/20 17:54:37    Main Document
Pg 13 of 23

26.     These and other courts have recognized that, in appropriate cases, service of the summons and complaint by email to a defendants located outside the United States is authorized and appropriate under Civil Rule 4(f)(3) and under the Hague Convention.   The Committee submits, under the facts presented here, service of the Amended Complaint by email on the three Subject Defendants is not only permissible but also appropriate.

C.     Service on the Subject Defendants at Their Respective Email Addresses is "Reasonably Calculated" to Provide Actual Notice of Adversary Proceeding and to Provide an Opportunity to Respond

27.     Civil Rule 4(f)(3) does not prohibit service by email.  *See Heckmann*, 2011 U.S. Dist. LEXIS 134402, at *18.   Nonetheless, in all cases, service must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

28.     Here, service by email of the Amended Complaint and summons on each Subject Defendant is "reasonably calculated" to apprise them of the pendency of the adversary proceeding and to afford them an opportunity to respond to the Amended Complaint.

29.     Prior to filing this Motion, counsel for the Committee emailed the Subject Defendants at the email addresses provided by the Trustee from the Debtor's books and records. In fact, Defendant Christopher Hsu responded to the Committee's email.   Those emails were delivered and were not returned undelivered.  *See, e.g., FKA Distrib. Co.,* 2017 U.S. Dist. LEXIS 151679, *4 (finding an email address to be valid for service where, *inter alia*, the court was presented with declarations from individuals who had received email messages from the email account in question or where messages sent to the email account were not returned undeliverable.).

10

30.     Thus, each of the three Subject Defendants hasan email address where that defendant may be contacted.  Such email addresses are listed on Exhibit 1 to the Proposed Order annexed to this Motion.

31.     Based upon the foregoing, the Committee respectfully submits that service of the Amended Complaint and associated summons by email to the email addresses listed on Exhibit 1 to the Proposed Order is reasonably calculated to provide each of the Subject Defendants with actual notice of the Amended Complaint and to provide the Subject Defendants with an opportunity to respond and is, therefore, warranted in these cases.[1]

## NOTICE

32.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the Sothern District of New York; (b) the Subject Defendants, by email at the addresses contained from the Debtor's records; and (c) all parties that have filed a notice of appearance and request for service of papers in this Chapter 11 Case.  In light of the nature of the relief requested, the Committee submits that no other or further notice need be given.

## NO PRIOR REQUEST

33.     No other or prior request for the relief sought herein has been made to this Court or to any other court.

---

[1] *See FKA Distrib. Co.*, 2017 U.S. Dist. LEXIS 151679, *4 (email service approved for defendant located in China who maintained a website listing an email address and plaintiff's email to that address did not bounce back); *Sulzer Mixpac AG*, 312 F.R.D. at 332 (email service approved because defendant located in China "presumably relies at least partially on contact through [email address listed on its website] to conduct [] business, and it is reasonable to expect [defendant] to learn of the suit against it through this email address."); *Lexmark Int'l*, 295 F.R.D. at 262 (email service approved for foreign defendants maintaining websites that provided email addresses where they may be contacted, plaintiff had verified each email address as valid and communication with a representative of defendants had occurred at those email addresses); *Heckman*, 2011 U.S. Dist. LEXIS 134402, *18 (email service approved for defendant located in China who had previously represented that the email address sought to be used for alternate service was the one that he used); *Philip Morris USA*, 2007 U.S. Dist. LEXIS 19780, *3 (email service approved for defendant located in China where plaintiff's emails to addresses listed on defendant's website were successfully transmitted); *Williams-Sonoma*, 2007 U.S. Dist. LEXIS 31299, *5 (email service approved on foreign defendants where plaintiff unable to effectuate service on physical address and email has been an effective means of communicating with defendants).

11

WHEREFORE, the Committee respectfully requests entry of an order, substantially in the form of the Proposed Order, (a) authorizing service of the Amended Complaint and summons on the Subject Defendants at the email addresses listed on Exhibit 1 to the Proposed Order, and (b) granting such other and further relief as the Court deems just and proper.

Dated:  November 5, 2020
      New York, New York

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**

*/s/ Richard J. Corbi*
Richard J. Corbi, Esq.
1501 Broadway, 12th Floor
New York, New York 10036
Telephone: (646) 571-2033
Email: rcorbi@corbilaw.com

*Counsel for the Official Committee of Unsecured Creditors*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 20-10809 (SMB) |
| P8H, INC. d/b/a PADDLE 8, | Chapter 11 |
| Debtor. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ESTATE OF P8H, INC. D/B/A PADDLE 8, | Adv. Pro. No. 20-01081 (SMB) |
| Plaintiff, | |
| v. | |
| VALENTINE UHOVSKI, ISABELA DEPCZYK, NORMAN HANSON, CHRISTOPHER HSU, PETER RICH, SERGEY SKATERSCHIKOV. | |
| Defendants. | |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING SUBSTITUTED SERVICE ON CERTAIN DEFENDANTS BY EMAIL PURSUANT TO FED. R. CIV. P. 4(f)(3) AND FED. R. BANKR. P. 7004**

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing Substituted Service on Certain Defendants by Email Pursuant to Fed. R. Civ. P. 4(f)(3) and Fed. R. Bankr. P. 7004* (the "Motion")[1]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and notice of the Motion

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

being good and sufficient under the circumstances and no other or further notice need be given; and the Court having considered the Motion and any responses thereto; and any objections to the relief requested in the Motion having been either resolved or overruled; and after due deliberation thereon; and there being good and sufficient cause therefor, it is hereby

**ORDERED,** that the Motion is granted as set forth herein; and it is further

**ORDERED,** that pursuant to Fed. R. Civ. P. 4(f)(3) and Fed. R. Bankr. P. 7004, service of the Amended Complaint and summons may be made and effectuated by email upon each of the following individuals named as defendants in the reference adversary proceeding: (i) Isabela Depcyzk, (ii) Norman Hanson, and (iii) Christopher Hsu, at the respective email address(es) listed on **Exhibit 1** to this Order, with such service to be effective on the respective individual(s) on the date on which the respective email(s) is/are transmitted by the Committee's counsel; and it is further

**ORDERED**, that within **five (5) days** after the date of entry of this Order, counsel for the Committee shall serve by email (i) a copy of this Order, and (ii) a copy of the summons and Amended Complaint upon each of the above-captioned defendants, which email service shall constitute service reasonably calculated, under all the circumstances, to apprise each such defendant of the pendency of the adversary proceeding action and to afford each such defendant an opportunity to respond; and it is further

**ORDERED,** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:          _____, 2020
               New York, New York

_____

HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

| Defendant Name | Service Email Addresses |
|---|---|
| Isabela Depcyzk | idepczyk@indexatlas.com |
|  | idepczyk@thenative.eu |
| Norman Hanson | hansenko@gmail.com |
| Christopher Hsu | chsu99@gmail.com |